Good morning, we're going to hear our first and only case, Rarick v. Federated Service and Easterday v. Federated Mutual, numbers 153606 and 161328. We'll hear from counsel. Will you be reserving time? I reserve five minutes of my time, Your Honor. Okay, that will be granted. It seems to me that we have before us a very interesting case, but one that involves two doctrines that are somewhat at odds. Sort of a strict duty of federal courts to exercise jurisdiction conferred upon them by Congress under, say, Colorado River, and discretion in declaratory judgment actions, where the statute provides for substantial discretion. We've got to figure out some sort of a rule to apply here, and that's sort of what we're most interested in from you folks. That's the whole issue, Your Honor. The question before this Court is an important one. It has to do with access to the federal courts by citizens of the diverse states, and the issue is what jurisdictional standard will be applied by this circuit, because so far it has not announced one, for cases involving actions based on diversity of citizenship in which the claimant seeks both coercive relief, in this case monetary damages for a breach of contract, and declaratory relief. The two district courts in this case applied what they called the heart of the matter case. In fact, the second of the two basically followed the lead of the first. Most of the district courts in the Eastern District do the same thing. And, Your Honor, that's why they created circuit courts of appeals, so that eventually the district courts could have direction from the courts ultimately going to rule on this on what the better rule should be. The district courts, again, as Your Honor indicated, most do, with exceptions. The Perlman case in the Eastern District is one to which we point to specifically, not just because it rules the way we want it to rule, but because the trial judge in that case wrote an extensive, well-researched, and well-reasoned decision that basically we would ask this court to adopt as its own. In adopting the heart of the matter case, it decided that the declaratory claims were the heart of the matter. They trumped the coercive relief and kicked the matters back to the trial court. So the Eighth Circuit would agree with that view, right? It's the only one, Your Honor. The Fifth Circuit, the Seventh Circuit, the Second Circuit, the Ninth Circuit, the Fourth Circuit, and the Tenth Circuit in dicta would all say that applying a heart of the matter type case is at odds with the Colorado River admonishment that these courts should give virtually unflagging obligation to providing access to the federal courts in diversity cases. Two things, Your Honor. The first of which is that it interjects the ability of the trial judge to exercise discretion in a situation where discretion shouldn't be the rule. That it is a congressional, and I would say almost constitutional imperative that in cases involving diverse citizens where coercive relief is at issue, in this case, significant monetary damages for breach of contract, access to the federal court should be the sacrosanct and primary objective. And that in these situations, flexibility and discretion should be of secondary concern to the courts exercising jurisdiction over these types of claims. The second problem with it is that it applies a rule that is too easily manipulated by the pleadings and too inconsistently applied by the exercise of this discretion. Simply including account for declaratory judgment in too many of these district court actions that Judge Sirica refers to. I hope I pronounced your name correctly. You did. Very well. Having a difficult one myself, I'm sensitive to that. Had been applied to many situations by rote. Oh, well, here's a complaint for declaratory judgment. We're going to kick this case back to the federal courts without recognizing this unflagging obligation to provide access to the federal courts in cases that involve coercive claims for relief. So what role do parallel proceedings play in this analysis? And is the reefer decision an impediment to getting where you want to go? Not in the situation that we're dealing with here, Your Honor. I recognize that where there are parallel proceedings in the state courts, that there are reasons not to have inconsistent results and have the federal courts interject themselves into matters where the state courts are already involved or where the state courts are going to decide the same issues. In fact, in the cases that are cited in the briefs, Your Honor, that's exactly the reason why the decisions were made to allow the cases to go back to state courts. So, for example, in one of the cases cited, there was a parallel state court case that was going to decide the underlying liability of the parties to a contract that required providing additional insured coverage. The fact that the additional insured coverage issue was brought before federal court was eventually kicked back to state court for two reasons. One, it was just a D.J. claim. There was no independent claim for coercive damages. And two, it couldn't be decided independently in federal court. The state court determination of liability of the party that was to provide additional insured coverage was a predicate to determine whether the coverage even existed. So if you have one of these situations where you have a claim that's pending in federal court that alleges only declaratory judgment, then clearly the court can exercise their discretion. Similarly, if you have a case pending in federal court that alleges coercive damages and alleges a declaratory judgment, and that declaratory judgment is influenced by a matter pending in the parallel case, then even under the test that we're providing, the independent claim test, that case would not have to stay in federal court. But under the test that was adopted by the Eastern District in Perelman, and the test that we think should be applied, the independent claim test, if the court looks at the matter, sees there's a complaint for declaratory judgment and a complaint for coercive relief, and the complaint for coercive relief stands completely on its own without regard to any of the issues that have to be decided in the declaratory judgment matter, then this court should announce a rule that says the federal courts have to keep that case because it has nothing to do with the claim for declaratory relief. And that's particularly emphasized by the facts of this particular case because if you look at the pleadings here, the pleadings as to what type of declaration is sought, a claim that federated breaches contract by not providing uninsured and uninsured motorist benefits to claimants in this case, is word for word identical to the claim that is pled for breach of contract. It's the same thing. And so in this case, the breach of contract case, as a result, can stand completely on its own, independent of any claim for declaratory judgment. It may have an effect on the other case. I'm sorry, Your Honor. It may have an effect on the other case, but your position, I take it, is that that doesn't mean it's not independent. You're not defining independent, the independent claim, as a claim that would have no effect, downstream effect, shall we say, on another case in state court. It's the essence of the claim itself, whether it's coercive or declaratory. Is that right? Yeah. I see your statement is generally correct, but I think we're talking about two different things. What I'm talking about is that in a complaint that pleads declaratory judgment and a coercive breach of contract count, can the coercive breach of contract count completely stand on its own, irrespective of the claim for declaratory judgment? And irrespective of what effect a ruling on that breach of contract claim might have on some other case pending in state court. Well, one, there is no other case pending in state court. I know that here, but I'm trying to think about the next case. Two, in general, Your Honor, decisions of courts always have impact in some fashion on other claims that might come up in the future. That's not part of the test. The test here is if you have a combined case, breach of contract and declaratory judgment, and you look at that breach of contract case and say, can I decide this totally on this merits without regard to the declaratory judgment complaint, then what do you do? And what we're saying is that in this case, clearly the breach of contract case is absolutely independent of the declaratory judgment case. And don't take our word for it. Just look for the way that they're pled. They're pled exactly the same. In fact, the declaratory judgment count in this case is really wrongly pled as declaratory judgment. Traditionally, declaratory judgment is meant to decide future obligations that have not ripened such that there may be a claim of ripeness if we were limited to traditional breach of contract counts. That's not the situation in this case. In this case, the claim for breach of contract has become ripe. The allegation is that there was damage, loss, a breach, and damage flown from that breach, and the two claims are pled identically. So in this case, since we have a declaratory judgment action that pleads absolutely nothing different, in fact, identical to the breach of contract claim, and since the Colorado River Court tells us that the federal courts have an unflagging obligation to take on cases involving coercive damages, the mere fact that there's a declaratory judgment count in this case should not allow for the courts to apply a heart-of-the-matter test for the purposes of exercising discretion. Instead, the rule should be that these cases sustain federal court. And it has nothing to do with the fact that the issues in both of these cases may or may not be unique under state law, may or may not be absolutely decided under state law. Look, this happens all the time in federal courts in breach of contract. If the law were absolutely decided, there wouldn't be an issue for the courts to decide. There would be no reason to have an eerie doctrine that tells the federal courts how to determine what the state courts would do. Just because, in this case, the federal courts are going to be asked to determine what Pennsylvania law requires in terms of the terms of the contract, does not void this case from federal jurisdiction any more than any other breach of contract action that's decided under state law. In this case, thank you, counsel. I see your light's on. You left a lot of time, so we'll get you on rebuttal. Yeah, I don't mind burning it. I'll speak a little bit. I won't take my whole five minutes. You're entitled to it. Thank you, Your Honor. Would you rather attack on time right now? Oh, no, I'm good. Okay, thank you. I just didn't want to take more than my whole 15 minutes. All right, we'll do. Thank you. Good morning. May it please the Court, James Hagerty for the appellee. In the Wilton case, the Court said, issues of jurisdiction often yield to considerations of practicality and wise judicial administration. That's what we're asking the Court to do here, to consider the practicality. Let's rise about allowing artful pleading to do an end run around diversity jurisdiction. It's not artful pleading in this case, Your Honor. We need to consider the nature of the cause of action. We are making claim for recovery of uninsured and uninsured voters' benefits under policies which, on their face, do not provide that coverage. If you look at each policy of insurance, they do not provide that coverage. The counts are materially different, because count one declaratory judgment seeks reformation of the policy to add the coverage. There can't be a breach of the policy to provide UMUN coverage until the policy provides the coverage. So you're saying that those claims can't stand on their own? They can't stand on their own, no. They can't at all. Because the first count says, if we just have the contract action, the contract on its four corners on its face does not provide uninsured voters' benefits, does not provide uninsured voters' benefits. So therefore, there has to be no breach, because the contract doesn't provide that. The declaratory judgment action, which is the first count, and you look at, yes, they're played nearly identically, except if you look at the wherefore clause, the add-down clause. The first count asks for a declaration that the policy is required to provide coverage, a declaration that the insurer is required to provide this coverage up to this amount. The breach of contract count says, okay, you were required by law to provide that. Now that you've provided it, this is why you owe it, because we were injured in an accident by reason of the negligence of an uninsured motorist or an underinsured motorist. So they do not stand alone. They cannot stand alone. Even under the independent action test, the two – Independent claim test, you mean? Yes, independent claim test. Two issues. Is there subject matter jurisdiction? Secondly, can it be adjudicated without the declaratory relief? No, it cannot be adjudicated without the declaratory relief, because until we succeed in that declaratory relief, we don't have a breach of contract. Why not? Because the contract doesn't provide that coverage. Just assume for a minute that you didn't bring the declaratory judgment count and you pleaded the case just on the breach of contract. Are you saying that a court would not have the power to grant you the relief that you seek on the breach of contract count? They would have to grant me reformation, and I would suggest respectfully that the defendants would say they haven't pled a claim for reformation. They're claiming breach by nonpayment of underinsured motorist under a policy that does not provide underinsured motorist coverage. Aren't you really talking about more of an affirmative defense? I mean, it's not okay to go to court and say there's a breach of an insurance agreement. I mean, that's fairly common to say there is one. You would come back and say there's no insurance agreement. Why doesn't that stand alone? Because the policy doesn't provide that coverage. We're looking for a specific coverage. That's on the merits, right? Reformation is a remedy. Right. That's why we have the declaratory judgment action. The cause of action is you breached this contract because you didn't pay my clients the money they're owed. Exactly. You don't need a declaratory judgment for that. Well, the policy in these four corners doesn't provide any such coverage. But there are many, many contract cases where the contract doesn't include a lot of things within the four corners. Think unjust enrichment. Think unconscionability, et cetera. We don't plead those cases and say, oh, give me a declaratory judgment that this contract is unconscionable. Then I have an unjust enrichment cause of action even if I can't win on the four corners of the document. But in those situations, the coverage still exists. The same way that I can't go in and seek recovery of damages, collision damages for injuries to when I drove my car into a tree under my homeowner's policy because it doesn't provide that coverage. I would first have to... We have to litigate whether that's the case or not. I mean, that's a matter of contract interpretation. Is the damages claimed? Are they inferred, properly inferred in the contract, et cetera? It seems to me that you're trying to penalize the other side for tacking on a declaratory judgment count. If they didn't have it, it's possible we'd be litigating this in federal court as a diversity action. But it seems like just because they added a declaratory judgment count that you think the whole thing should be... Well, I added the declaratory judgment count. Right, right. Because that's really the heart of the case. If the declaratory judgment issue has to be addressed... But you don't want a declaration. You want money. Let me ask a common sense question. You go back to the Raricks and the Easterdays. You say, I've got good news. We won. We've got a piece of paper that says they violated the law. How much money did we get, counsel? Oh, we didn't get any money, but we got this beautiful piece of paper. I'd have to start a separate lawsuit against them. We're not very happy. We're not very happy, right? But when you come and say, good news. We got all the money we asked for. 100% of the money we asked for, we got it. Bad news is we didn't get this legal declaration that changes the law in a way that will affect future people that are put in the same predicament you're put. I can't get the money unless I get the legal declaration. I have to get a declaration. You need a court to say that they breached the contract. You don't need a declaration for that. I do. You need a judgment from a court that says they breached the contract that they had with my clients. But they haven't breached the contract that they had with my client until the policy is reformed to include the coverage that I say I'm entitled to. The first issue that has to be addressed in this case and will be addressed wherever we litigate it is, is there uninsured or underinsured motorist benefits under this policy? That's the heart of the issue. Does their waiver form comply with the requirements of the financial responsibility law? Interestingly, this very issue, whether or not these waiver forms comply with the financial responsibility law, thereby requiring the insurers to reform their policies to include the coverage, is being argued today in the Supreme Court of Pennsylvania. The first time the Supreme Court of Pennsylvania has ever taken this case under advisement, under consideration, in the case of Ford v. American States. That case, which will be decided, which is being heard by the Supreme Court today, will decide the Easter Day case. What's the standard to be applied in evaluating forms? It will give guidance to the resolution of the Vera case. Another reason why we're asking this court... So should these cases be stayed? Or affirm the remand because it makes sense to litigate them in state court. Is this a peculiarity of insurance coverage cases? I mean, we're always going to have this issue, aren't we, with insurance coverage cases? Not always, because oftentimes the majority of insurance coverage cases were fighting over specific terms. And do the terms, does an exclusion apply, does an exclusion not apply? The coverage is already there. And does this exclusion take away the coverage? Or does the insurance agreement extend to this type of loss? There's a lot of litigation over whether there is coverage. I mean, we get a lot of occurrence cases. Those aren't exclusion cases. That is their coverage. Exactly. But there's already liability coverage under the policy. And the question is, is the event that they're seeking coverage for, is it an occurrence under the policy? Here, I don't have underinsured motorist coverage. There is no coverage. In those cases, in all those cases, there is coverage. And the question is do you have underinsured motorist coverage? It does. It does, but I have to have a court reform the policy to add it. The law says it, but they're not giving it to me, even though I say the law says it. I have to get someone to say, you're entitled to it, because they're saying you're not entitled to it. So we need to add that coverage. In all other coverage cases, we're talking about does the coverage apply or not apply for various reasons. Is coverage triggered? Is coverage excluded? But the coverage is on the policy. Here, there is no uninsured motorist coverage on the policy. There is no underinsured motorist coverage on the policy. They wrote the policy without that coverage. And Pennsylvania law says in order to write a policy without that coverage, you must have a specific waiver form. And the question is does the waiver form must it specifically comply with the statute? The federal courts have adopted a substantial compliance rule. The statute says specific compliance. The Supreme Court, for the first time in the Ford case, has taken that up. One word was changed in the form, and that's being argued today. And the considerations that judge... Whether in federal or state court, that court is going to have to follow the guidance that the state Supreme Court is about to give on that. Yes, exactly, Your Honor. But what we're saying is, as Judge Leeson and Judge Stengel said in the trial court, that's the heart of the case. That's the issue. Everything hinges upon whether or not I have that coverage. Because if the Supreme Court says that you only need a substantial compliance rule, well, then I don't get the coverage. I'm out of court. The threshold issue is do I have the coverage. That's what needs to be addressed. And that's why we're saying that this is either under either the independent claim or the heart of the matter, although we think the heart of the matter makes more sense because it's practical. Before we go, we do want you to deal with the test. Did you give us the name of the Supreme Court case? Yes, it's Ford v. American States. It's number 13, WAP 2016. It's being argued in Pittsburgh today. Okay. Now, maybe you can deal with which... Because we're going to have to produce some sort of opinion in this case. Which test should apply? Which test should we adopt? Well, I think that the test which a majority of the courts in this circuit have adopted, which is the heart of the matter, is particularly appropriate here. And it embodies Wilton's considerations of practicality in judicial administration. Are you suggesting that we carve it out for these kinds of insurance cases? No, I think the heart of the matter, if we have this coercive declaratory action and the court has to determine the test to be applied with respect to jurisdictional matters, it's our position that the heart of the matter test, as adopted by Judges Leeson and Stengel, is the better test than the independent action test. Does that really take into account the mandatory jurisdiction federal courts have that Congress gave us? I mean, is that sort of ignoring that? I don't think it is, Your Honor, because it's... Again, I talked about balancing these two things. You've got two important considerations. That's what the law is, Your Honor. You have to make that difficult decision in balancing, and that's what we do. But the heart of the matter test looks at it practically. What are the practical implications? I remember arguing before this court one time, and Judge Higinbotham said to me, aren't you just relying upon a technicality? And I said, yeah, you're right, Judge, I am. And I think it's more appropriate to look at the big picture. Does the big picture include whether there are novel state law issues involved? Certainly. It certainly does. In a case like this... So the federal jurisdiction can be defeated by a federal district judge saying, gee whiz, I know we've got a citizen from New Jersey and a citizen from Pennsylvania, and it's worth more than $75,000, so there is diversity jurisdictions. But, oh, goodness, these are really complicated issues of state law. I'm not going to decide this case. Well, I've never seen a federal judge do that, and I doubt that they would. But if novelty of state law is an important consideration in making this very subjective heart of the matter test, why give a judge reason as I just hypothesized? Perhaps more than novelty of the issue is the exclusivity of the issue. If it's exclusively a state law issue, and that's one of the considerations... We decide those cases every day of the week. I wish we didn't sometimes. I mean, we're opining about New Jersey insurance law. We're opining about the MVFRL, all kinds of state law issues. I've been here when the court has said, why didn't you bring this case before us? So, you know, again, whether the trial judge wants to hear the case or not, how do you deal with that unflagging obligation to the judge? That's the unique situation here because of the declaratory judgment action. It trumps that. It's discretionary, and that's the balancing. Because we have the coercive and the declaratory actions together, and in this situation, I believe under any test, but particularly the heart of the matter test, where the declaratory judgment result of the declaratory coverage issue will resolve the entire case. If we apply that test, don't we get into some trouble figuring out, disentangling this, figuring out which is the superior claim? I think it's fact-dependent, Your Honor. I mean, in this case, the equities argue in favor of sending it back to state court. In other situations, it might not be the same situation. But the heart of the matter test seems to embody those considerations in Wilton, where they said jurisdictional issues must yield to considerations of practicality and wise judicial administration. It seems to me where we have a case such as this, not so much a novel issue, but exclusively a state court issue, which is more appropriate to be resolved by the state courts. And oftentimes the federal courts would prefer that they be resolved by the state courts, that they be addressed and resolved by the state courts. So for that reason, we respectfully request that the decision be made. I have one question. Does it make a difference whether who brings the declaratory judgment action, that is whether it's brought by the insured or the insurer? Given the fact that if it's brought by the insured, usually there's going to be a contract claim as well. And do we end up in different places under either test, either your test or your opponent's test? And does that make any difference if we get different results in those circumstances? Your Honor, oftentimes when the insurer institutes the declaratory judgment action, there's no coercive claim involved. Exactly. It's only a claim for declaratory relief. Correct. So we need not get into whether we adopt an independent action test or a heart of the matter test. This court has already set forth considerations in RFRA as to when a declaratory judgment action can be considered by the court and whether it's considerations in remanding it. And it's abuse of discretion standard, which this court would review. This case presents somewhat different issues because, as you're correct, when a declaratory judgment action is started by the insured, it oftentimes includes the coercive compensatory claim. Sure. So it only makes a difference who starts it because if it's started by the insurer, it will only be a declaratory claim and we need not address what test because the test is applied. What test do we apply when there's a coercive claim and a declaratory claim? Okay. So we respectfully request the decision of the trial courts be affirmed. Thank you, Your Honors. Thank you, Counsel. May it please the Court. I just want to spend a couple of minutes debunking this whole argument about how somehow this is now a reformation case and that makes a difference. So first, it is not unusual, in fact, it's very common in a breach of contract case for one of the elements of the breach of contract case to say that the contract that's before the court does not comply in some fashion with the law. Now, in this case, the argument is it doesn't comply with the law because it doesn't contain the coverage that's supposed to be included. But you can see other situations where, for example, the contract tries to exclude punitive damages, but the state law has said that punitive damages have to be covered if they result from vicarious liability. Or more directly, you have a policy that says that the limits for a motor vehicle is going to be X number of dollars and the state law says that's below the statutory minimum amount. And in those situations, those aren't declaratory judgment actions to declare that the contracts don't comply with state law. Those are breach of contract actions where someone says, look, I'm supposed to have $50,000 worth of coverage. The policy only says 25. The law says I'm supposed to have 50. You've breached the contract because your policy doesn't comply with the law. And that's all that this is. When a court has a breach of contract case where one of the elements of a breach of contract action is the contract before the court doesn't comply with what the law says the contract has provided, the trial judge doesn't reform the contract. The trial judge says that the contract has been breached because you didn't provide the benefits required by law. The contract doesn't comply with the law. Second, Your Honor. Go ahead. Second, Your Honor. There's a fundamental misunderstanding of what a reformation claim is. A reformation claim is a situation when the contract doesn't embody the intent of the parties that entered into it. So when a court decides that a contract doesn't comply with the law, they don't reform it. Reformation is an equitable claim. The court's just imposed by law. The contract is supposed to comply with the law. But most importantly, a reformation claim isn't a declaratory judgment claim. The argument I'm having is, well, we have to have a declaration as to what the contract provides so the contract can be reformed before I can then go in and seek money damages. That's not the way that it works here at all. You're saying it's a remedy, not a claim. Not only is it a remedy, Your Honor, it's a coercive remedy. Reformation is a claim where a party to the contract is forced to rewrite it against what it believes its will is. There's nothing in Wilton or Brilhart. That's like Brangelina, I guess. I never thought I'd hear that in this court, but it's pretty good. Let me ask you as counsel about the test. You had referenced the other court of appeals decisions, the 2nd, 4th, 5th, 10th night. You advocate for the independent claim test, but it appears that the 2nd, 4th, 5th, and 10th, at least in dicta, have adopted more of a bright line rule, not really the independent claim test. Is that fair? And if that is fair, why should we adopt what's a minority approach instead of that majority approach? Your Honor, I'd be happy if you follow the lead of the 2nd Circuit or the 5th Circuit, but as the appellant, we decided to present to the court the least broad or the most restrictive of these rules that are still in compliance with Colorado River. And we just thought from a strategic standpoint there was such a good decision out of the Eastern District and Perlman. That would be the most candid answer I've heard in a while here, so thank you for that. But tell us, setting strategy aside, which test is more appropriate and why? You know, if you ask me, which you are, I think I know it, but I'm going to hear it from Mr. Hagerty. It should be a bright line rule, Your Honor. And why is that better than the independent one? Play that out for us, because this is a very important case, and as Judge Gigeras said, whichever way we go, we're going to be setting an important precedent here. So explain to us how it plays out in future cases, comparing and contrasting the independent claim test with the bright line test. As a predicate for that, Your Honor, I want to make sure that the court understands that even if it goes with a bright line test, it is not adopting a test that has absolutely no limitations to it. Even Colorado River has some limitations to it. They're extreme, but even Colorado River has some limitations to it. The advantage of a bright line test, even over the independent claim test, is that honestly it does honor what the intent of the framers were in deciding that we're going to open up the federal courts, not just to decide questions of federal law, but to decide questions of state law when the action involves coercionary relief in disputes between citizens of the different states. And the more exceptions we put on a rule to allow a court to exercise its jurisdiction to kick such a case back to the state court, the farther we move away from the original intent. And then how does that contrast with the independent claim test? Honestly, Your Honor, they're extremely close, and they almost might just be a matter of semantics. So we use the word independent claim because that was the concept that was used by the judge at the Perlman case. And we like that decision, not just again because it goes the way we want it to go, but because it's so well written. But it addresses the issue that we were talking about in the questions before. If you're really going to have a situation where exercise of federal jurisdiction is going to result in inconsistent results with already pending parallel state actions, or where the breach of contract count depends upon the determination of some sort of declaratory question that's pending in state court, then we should have the ability of making sure we're not going on parallel and potentially divergent paths by letting the case stay in federal court. But on this test, or on the Second Circuit test, or the Fifth Circuit test, or the Ninth Circuit test, if you have a situation where you like here, where you have here, where the coercionary claims, whether they be breach of contract or now apparently whether they be reformation, stand on their own, and the case involves more than $75,000 and involves citizens of different states, that case unflaggingly has to stay in the federal court. As a result, we ask that the decisions of the trial court be reversed. Thank you, counsel. Thank you, Your Honors. Well, we thank counsel for excellent briefing and argument, and we'll take the case.